**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0963-18T4

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

LARRY CARDONA, a/k/a
LARRY CORDONA,

    Defendant-Appellant.

_____

Submitted April 22, 2020 – Decided May 14, 2020

Before Judges Haas and Enright.

On appeal from the Superior Court of New Jersey, Law Division, Union County, Indictment No. 11-09-0940.

Joseph E. Krakora, Public Defender, attorney for appellant (Monique D. Moyse, Designated Counsel, on the brief).

Lyndsay V. Ruotolo, Acting Union County Prosecutor, attorney for respondent (Kelsey Alina Ball, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Larry Cardona appeals from the August 10, 2018 denial of his post-conviction relief (PCR) petition as well as the denial of his request for an evidentiary hearing. We affirm, substantially for the reasons expressed in Judge Robert A. Kirsch's thoughtful and comprehensive oral opinion. We add the following brief comments.

A Union County Grand Jury returned Indictment Number 11-09-0940 against defendant, charging him with first-degree attempted murder, N.J.S.A. 2C:11-3 and N.J.S.A. 2C:5-1 (count one); second-degree aggravated assault, N.J.S.A. 2C:12-lb(l) (count two); second-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5b (count three); and second-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4a (count four).

Following a 2013 jury trial, defendant was found guilty of counts two, three, and four. Although defendant's trial counsel argued in favor of concurrent sentences at the time of sentencing, defendant was sentenced to a ten-year prison term, subject to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2, on count two, and a consecutive six-year prison term, subject to a thirty-six month period of parole ineligibility on count three. The sentencing judge merged count four into count two.

A-0963-18T4

Defendant appealed his conviction and sentence. In his direct appeal, defendant specifically argued that his case should be "remanded for re-sentencing because consecutive sentences are unwarranted in this matter." In 2017, we affirmed. See State v. Cardona, No. A-1205-14 (App. Div. May 11, 2017). Regarding defendant's contention that the trial court incorrectly imposed consecutive sentences, we noted:

> the [trial] court explained that consecutive sentences were appropriate because "these were separate offenses that were committed at separate times with separate victims." Specifically, the [trial] court noted "no one handed . . . [defendant] the gun at the exact time of the shooting. It's clear, based upon his possession of ammunition, . . . that he had the gun before . . . ." That defendant committed separate offenses, and that there can be no free crimes in a system for which the punishment shall fit the crime, are relevant Yarbough[1] factors that support the imposition of consecutive sentences.

In March 2018, defendant filed a petition for PCR, claiming his trial counsel was ineffective for failing to adequately argue for concurrent terms of imprisonment on the aggravated assault and weapons offenses. Judge Kirsch denied his petition without an evidentiary hearing. In doing so, Judge Kirsch

---

[1] State v. Yarbough, 100 N.J. 627 (1985).

A-0963-18T4

referenced the record from defendant's sentencing as well as our 2017 opinion. Judge Kirsch observed that the "consecutive aspect of the sentencing" was "specifically and unambiguously raised by . . . trial counsel, and addressed by [the sentencing judge.]" Judge Kirsch concluded:

> This issue was raised at the trial court appropriately and effectively . . . . It was raised on direct appeal, and was considered and rejected by the Appellate Division. As a result, the [c]ourt cannot find any deficiency by [trial counsel] in raising the issue, or by appellate counsel and, so, therefore, the first prong of Strickland[2] has not been met, let alone the second prong . . . . I find the petitioner has not set forth a prima facie showing warranting an evidentiary hearing.

On appeal, defendant raises the following argument:

POINT ONE

[DEFENDANT] IS ENTITLED TO AN EVIDENTIARY HEARING ON HIS CLAIM THAT HIS ATTORNEY RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL FOR FAILING TO ARGUE ADEQUATELY AT SENTENCING.

Appellate courts review a judge's decision to deny a PCR petition without an evidentiary hearing for abuse of discretion. State v. Preciose, 129 N.J. 451, 462 (1992). Merely raising a PCR claim does not entitle a defendant to an evidentiary hearing. Instead, a defendant must first establish a prima facie claim

---

[2] Strickland v. Washington, 466 U.S. 668 (1984).

4

of ineffective assistance of counsel before an evidentiary hearing is required. R. 3:22-10(b); State v. Porter, 216 N.J. 343, 354 (2013). In addition to a prima facie showing of ineffective assistance, a determination by the court that there are material issues of disputed fact that cannot be resolved by reference to the existing record, and a determination that an evidentiary hearing is necessary to resolve the claims for relief are required in order for a defendant to be granted an evidentiary hearing. R. 3:22-10(b).

In order to make a prima facie showing of ineffective assistance of counsel, a defendant must establish two prongs:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable.
>
> [Strickland, 466 U.S. at 687, adopted by State v. Fritz, 105 N.J. 42, 52 (1987).]

A-0963-18T4

Governed by these legal principles, we are satisfied defendant's argument lacks sufficient merit to warrant further discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

6

A-0963-18T4